*Law Revision*

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| C.T. CHIEN ENTERPRISES, INC., dba C.T. CHIEN & ASSOCIATES, )<br><br>Plaintiff, )<br><br>vs. )<br><br>VON K. WATSON A.I.A. AND ASSOCIATES, INC., dba VON WATSON ARCHITECTS, and VON K. WATSON (as an individual), )<br><br>Defendants. ) | CIVIL CASE NO. CV1483-11<br><br>DECISION & ORDER |

This matter came before the HONORABLE VERNON P. PEREZ on June 29, 2012. Attorney Thomas M. Tarpley Jr. represented Defendants, who were present. Attorney David J. Guerrieri represented Plaintiff, who was present. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The background of this case rests on breach of contract claim by Plaintiff C.T. Chien & Associates. (hereinafter "Plaintiff") against Defendant Von Watson Architects and Defendant Von K. Watson individually. Plaintiff filed its original Verified Complaint on August 31, 2011. The Defendants filed a Motion to Dismiss on September 21, 2011. The Plaintiff filed a Second Amended Verified Complaint on April 16, 2012. Defendants withdrew all motions prior to the filing of the Second Amended Complaint. Defendants answered and filed a Motion to Dismiss Second Amended Complaint on April 20, 2012. Plaintiff opposed on June 7, 2012. Defendants replied June 14, 2012 and a hearing was held June 29, 2012. The matter was taken under advisement but Defendants were given an opportunity to provide supplemental briefing. The matter was fully taken under advisement upon receipt of the Defendants' Supplemental Reply on July 6, 2012. The Court now resolves all pending motions.

# DISCUSSION

## I. Jurisdiction

The Court finds it maintains jurisdiction to hear this matter pursuant to 7 GCA § 3105. Furthermore, Plaintiff is a corporation qualified and authorized to transact business in the Territory of Guam and Defendant Von Watson Architects Inc, is a Guam Corporation. The issue of personal jurisdiction over Defendant Watson is discussed below.

## II. Summary Judgment and Motion to Dismiss

The heart of Defendants' Motion to Dismiss is that he should not be held personally liable for any of Plaintiff's claims. In the alternative, Defendant Von Watson Architects asks for Summary Judgment. In addition, both Defendants requests dismissal and summary judgment. The two distinct motions will be discussed separately.

## III. Motion to Dismiss

### Personal Liability

Defendant Watson argues that he was acting solely as an agent for Defendant Von Watson Architects and should not be held personally liable for any of the causes of actions in Plaintiff's Second Amended Verified Complaint. Plaintiff argues that Defendant Watson made himself personally liable by signing his own name on the contract instead of signing on behalf of the corporation.

In the exhibits attached to Plaintiff's Second Amended Verified Complaint, Plaintiff directs the March 6, 2007 letter to "Mr. Von Watson, President" and mentions by name "Von Watson Architects". *See* Exhibit A. Clearly, Plaintiff knew he was dealing with a corporation. The Court concludes that Plaintiff was aware that Defendant Watson signed as the president and agent of Von Watson Architects. Plaintiff offers no rules that control in the current discussion and only cites to persuasive authority. Thus, there is no evidence that would allow for the Court to stray away from 18 GCA § 20402. The Court must find Defendant Watson not personally liable. Defendant Watson's Motion to Dismiss is hereby granted as it applies to him individually. This Decision and Order will continue to address the remaining issues.

**Insufficient Process and Service of Process; Rule 12 (b)(5) and Rule 12 (b)(4)**

Defendant Von Watson Architects argues that Plaintiff failed to comply with the rules for process and service of process provided for in the Guam Rules of Civil Procedure. Plaintiff argues that any errors are mere typos and that Defendant Von Watson Architects was sufficiently made aware of the proceedings against it. Plaintiff further contends that its concurrent Motion of Service by Publication should remedy any failures of service or process. The Court will first address Plaintiff's Motion for Service by Publication before addressing this issue further.

First, Plaintiff requested from the Court that he be able to serve via publication. The Court already approved service by publication in an order for such service on December 21, 2011 based on the due diligence of Plaintiff to accomplish normal service. *See* 7 GCA § 14106. The Court approved service via publication due to the difficulty to locate Defendant on Guam.[1] If Attorney Tarpley and his office will accept future service on the Defendants' behalf, the Court will have reason to discontinue service via publication. As to notice, Defendant Von Watson Architects should have been aware of the action against him upon service of the original complaint. *See* Declaration of Service on September 2, 2011.

The Court already approved service by publication on December 21, 2011 and Plaintiff served Defendant via registered mail in addition to that publication. Plaintiff more than effectuated process and service of process against Defendant Von Watson Architects. Thus, Rules 12(b)(4)-(5) are insufficient grounds to dismiss the Second Amended Verified Complaint.

**18 GCA § 26103**

Defendant Von Watson Architects argues that the case should be dismissed pursuant to 18 GCA § 26103 due to the failure of Plaintiff to certify its fictitious "doing business as" name. Plaintiff argues that it registered its "doing business as" name with Guam's Department of Revenue and Taxation as early as February 3, 1999. The Court reviewed Exhibits A, B and C attached to the Declaration of Cheng T. Chien filed on June 7, 2012. The Court now concludes

---

[1] Plaintiff made several failed attempts at personal service before requesting the Court to approve service by publication.

that, as of February 3, 1999, Plaintiff registered its fictitious name with the Guam Department of Revenue and Taxation. *See* Declaration. As a result, 18 GCA § 26103 does not bar the Plaintiff's Second Amended Verified Complaint. While the Court recognizes Exhibits A and B attached to Defendant's Motion to Dismiss Second Amended Complaint conflicts with Plaintiff's exhibits, the Court does not believe Plaintiff's exhibits are fake or forged in any way. Thus, the Court will not dismiss the claim under 18 GCA § 26103.[2]

### Failure to State a Claim; Rule 12 (b)(6)

Defendant Von Watson Architects argues that Plaintiff has failed to state a claim under Rule 12 (b)(6). The Court has reviewed the three Causes of Action within Plaintiff's Second Amended Verified Complaint and discusses each below.

#### Breach of Contract

Plaintiff has alleged facts and submitted supporting documents sufficient to require the Court to continue the case as a breach of contract claim. *See* Exh. A. Plaintiff asserts that it performed under an alleged agreement and Defendant Von Watson Architects failed to comply with payment under the contract. The Court concludes that Plaintiff did not fail to state a claim with its breach of contract cause of action.

#### Unjust Enrichment

Plaintiff has also alleged facts and submitted supporting documents sufficient to require the Court to continue the case as it applies to an unjust enrichment claim. *See* Exh. B and C. Plaintiff alleges that Defendant Von Watson Architects received a benefit from the work of Plaintiff and has been unjustly enriched as a result. The Court concludes that Plaintiff did not fail to state a claim with its unjust enrichment cause of action.

#### Account Stated

Finally, Plaintiff has alleged facts and submitted supporting documents sufficient to require the Court to continue the case as it applies to an account stated claim. *See* Exh. A, B and C. Plaintiff alleges that Defendant Von Watson Architects received prior benefits from previous

---

[2] This analysis applies to both Defendants.

projects with the Plaintiff and a business relationship existed between the two entities. Furthermore, Guam Courts recognize the cause of action account stated. *See J.J. Moving Services, Inc. v. Sanko Bussan (Guam) Co., Ltd.,* 1998 Guam 19. The Court concludes that Plaintiff did not fail to state a claim with its account stated cause of action.

Therefore, Plaintiff did not fail to assert a claim against Defendant Von Watson Architects and the case will not be dismissed as it applies to any cause of action.

## IV.     Motion For Summary Judgment

The Court will apply the following discussion to both Defendants and against all causes of action in the Second Amended Verified Complaint.[3]

### Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l Inc.,* 1997 Guam 10 ¶ 7; *T.W. Elect. Serv Inc. v. Pacific Elec. Contractors Ass'n.,* 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Co . v. Kawasho Int'l Inc.,* 2000 Guam 27 ¶ 7.

Inferences must be drawn, evidence must be viewed in the light most favorable to the non-moving party, and the moving party carries the burden of showing the Court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Co. v. Kawasho Int'l Inc.,* 2000 Guam 27 ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong,* CVA97-007, 3 (1997). If a lack of evidence is established by the moving

---

[3] While the Second Amended Verified Complaint is dismissed as it applies to Defendant Watson, the Court would like to emphasize that Summary Judgment is denied as it applies to Defendant Watson as the case is dismissed procedurally before it can be judged summarily in Defendant Watson's favor.

party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his or her assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of summary judgment against the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 31(1986).

### Existence of Issues of Material Fact

The facts in this case are highly contentious. The Court has reviewed many exhibits submitted by both Parties and finds multiple issues of material fact. Summary judgment is not normally granted without a clear absence of evidence to support the non-moving party's case. Here, the Court sees potential merit in Plaintiff's case. At trial in this matter, all doubts will be cleared up and all assertions will be supported with evidence allowing this Court, or the finder of fact, the opportunity to make a complete decision on Plaintiff's causes of action. Specifically, the Court is not confident it could now make a ruling on the manner of payment received by Plaintiff, if any. The Court could not even now decide whether an obligation was owed to Plaintiff or if an obligation was owed, what steps were made to satisfy Defendant Von Watson Architects' obligations. Essentially, little to no facts have been established or disputed that the Court could feel comfortable ruling for or against any cause of action in the complaint. Defendant Von Watson Architects has failed to show a lack of issue as to material fact. Plaintiff has provided evidence that an agreement existed and that performance was made. Therefore, enough is present to require the Court to find existence of controversy.

Additional controversy is created in the answers provided by Defendant Von Watson Architects as it denies that monies were actually owed. The Court would like more evidence regarding the services provided currently and in the past and what payments were made historically. The Court would need more evidence or testimony before judgment could be entered in this case. Finally, the Court is without adequate support from the record to decide on behalf of either Party. Thus, the Court denies Defendant Von Watson Architects' Motion for

Summary Judgment. The Second Amended Verified Complaint has already been dismissed as it applies to Defendant Watson.

## CONCLUSION

The Defendants' Motion to Dismiss is hereby DENIED as it applies to Defendant Von Watson Architects and GRANTED as it applies Defendant Watson. The caption of the case should be amended to reflect a single corporation Defendant. Defendant Von Watson Architects' Motion for Summary Judgment is hereby DENIED. Plaintiff's Motion for Service by Publication was previously and continues to be GRANTED. These proceedings will continue as they apply to Defendant Von Watson Architects.

So ORDERED this 26th day of February, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/    /

/    /